IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERMAIN JAMES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-18-1950 |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| JUSTICE, BARACK HUSSEIN OBAMA, § | |
| LORETTA LYNCH, VANITA GUPTA, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Second Motion for Extension of Time (Doc. 12) In the motion, Plaintiff explains that she is seeking legal representation from her Congressman and has had difficulty meeting deadlines due to her health. She seeks an extension until February 28, 2019, to locate an address for the defendants and to serve process on them. For the reasons explained below, it is **RECOMMENDED** that this action be **DISMISSED.**

**I. Factual Background**

On June 12, 2018, Plaintiff filed this pro se action against the U.S. Department of Justice, former President Barack Obama, former U.S. Attorney General Loretta Lynch, Vanita Gupta, former Deputy Assistant Attorney General and head of the Civil Rights Division of the Department of Justice, and James G. Touhey,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 13, Ord. Dated Nov. 28, 2018.

Director of the Tort Branch, Department of Justice,[2] in their official and individual capacities for their combined failures to prosecute criminal matters involving racial profiling.

Plaintiff complains at length that Defendants were cognizant of rampant racial profiling in this country and failed to take action to address it. She particularly complains that there was no federal prosecution filed after the death of Trayvon Martin. Plaintiff also complains that Defendants failed to prosecute a Texas state district judge for the "kidnapping" and forced medical treatment of an unnamed minor child after the child was removed from his home by Child Protective Services. Plaintiff appears to allege that these failures to prosecute have resulted in her suffering from major depression, anxiety and post traumatic stress disorder.[3] Plaintiff seeks monetary relief from all defendants.[4]

On October 9, 2018, Plaintiff sought and received an extension of time within which to serve the defendants. She was given until December 7, 2018, to complete service of process. On November 19, 2018, she filed the present motion for a second extension of time, claiming that her health did not allow her to meet the existing

---

[2] Touhey was not named as a defendant in the caption of the complaint or in her description of the defendants but is named as a defendant at page 14 for his alleged refusal to pursue law enforcement actions against persons who commit crimes against African-Americans. The court assumes Plaintiff intended to name Touhey as a defendant.

[3] See Doc. 1, Pl.'s Compl. p. 5.

[4] See id. Plaintiff seeks $50,000,000 from former President Obama, $25,000,000 from former Attorney General Lynch, and $15,000,000, each, from Gupta and Touhey.

2

deadline.

## II.  Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).  Federal courts may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994); see also Howery v. Allstate Ins. Co, 243 F.3d 912, 916 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction.  Kokkonen, 511 U.S. at 377; Howery, 243 F.3d at 916, 919. In considering such a motion, the court must take as true all uncontroverted factual allegations in the complaint. John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Ramming, 281 F.3d at 161.  The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."  Krim v. pcOrder.com, Inc., 402 F.3d 489,

3

494 (5th Cir. 2005) (quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, its jurisdiction over such actions is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement . . . ." Id. at 560.

### III.  Analysis

Here, the court lacks subject matter jurisdiction because there has been no waiver of sovereign immunity by the United States and the individual defendants have absolute immunity with respect to the allegations made by Plaintiff.

"The United States, as sovereign, is immune from suit save it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in the statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). Absent a waiver of sovereign immunity, a federal court does not have jurisdiction to adjudicate claims against sovereign defendants. See FDIC v. Meyer, 510 U.S. 471, 471 (1994)("Absent a waiver,

4

sovereign immunity shields the Federal Government and its agencies from suit."). Therefore, a suit against the United States Department of Justice is a suit against the United States. Meyer, 510 U.S. at 475. Plaintiff bears the burden of showing an unequivocal waiver of sovereign immunity in a suit against a federal agency or its officials. See St. Tammany Parish ex rel. Davis v. FEMA, 556 F.3d 307, 315 (5th Cir. 2009). Here, Plaintiff has not alleged a statutory basis for a waiver of sovereign immunity, and the court is aware of none.

For example, although Plaintiff has denominated her complaint as one for the violation of her civil rights, the Fifth Circuit has "long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); see also Unimex, Inc. v. U.S. Dep't of Housing & Urban Dev., 594, F.2d 1060, 1060 (5th Cir. 1979)(sovereign immunity bars claims against federal government under 42 U.S.C. §§ 1981, 1982 and 1986).

The United States has waived its sovereign immunity for tort claims brought against the federal government under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674; see also Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016). The FTCA allows a plaintiff to bring a state law tort action against the United States. See Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir.

2016). However, the limited waiver of sovereign immunity under the FTCA allows for the recovery of monetary damages "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission" of federal employees acting within the scope of employment. 28 U.S.C. § 2679(b)(1).[5] The FTCA expressly excludes from the waiver of sovereign immunity any action brought for the violation of the Constitution of the United States. 28 U.S.C. § 2679(b)(2)(A).[6] Thus, the FTCA does not provide a remedy for Plaintiff's claims that her constitutional rights were violated.

Also expressly exempted from coverage under the FTCA is "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation . . . or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C.

---

[5]  The court acknowledges that the FTCA only allows a plaintiff to sue the United States, not a federal agency or the agency's employees. 28 U.S.C. § 2674; see also Mendiola v. Cameron County Dist. Att'y's Office, No. B-13-236, 2014 WL 12644282, at *7 (S.D. Tex. Oct. 10, 2014)(unpublished), adopted in full by Mendiola v. Cameron Cty. Dist. Att'y's Office, No. B-13-236, 2014 WL 1264483 (S.D. Tex. Nov. 19, 2014)(unpublished)(citing Al-Dahir v. F.B.I., 454 F. App'x 238, 239 (5th Cir. 2011)(unpublished)). Therefore, the Department of Justice, and the individual defendants may not be sued by name under the FTCA. Even if Plaintiff were allowed to amend her complaint to name the United States as the proper defendant, such amendment would be futile.

[6]  28 U.S.C. § 2679(b)(2) states in relevant part:

> Paragraph (1) does not extend or apply to a civil action against an employee of the Government–
>
>> (A) which is brought for a violation of the Constitution of the United States, . . .

§ 2680(a).  "'[D]ecisions on when, where, and how to investigate and whether to prosecute' have long been found to be core examples of discretionary conduct for which the United States maintains its immunity."  Tsolmon, 841 F.3d at 383 (quoting Sutton v. United States, 819 F.2d 1289, 1294-95 (5th Cir. 1987)).

Plaintiff's allegation that high-level members of the Obama administration, including President Obama, failed to investigate certain criminal matters about which Plaintiff believed they should have taken action clearly implicates the discretionary function exception to the FTCA.  The court concludes that the FTCA does not provide a remedy to Plaintiff for her claims.

Additionally, each defendant, as former high-ranking members of the U.S. Department of Justice and the former head of the Executive Branch, enjoys absolute immunity from suit arising from official actions.  See Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982)(holding that the President of the United States has absolute immunity from liability predicated on his official acts).  Additionally, prosecutorial decisions are entitled to absolute immunity.  Imbler v. Pachtman, 424 U.S. 427-30 (1976)(holding that a prosecutor is entitled to absolute immunity in his decision to prosecute); see also Booker v. Koonce, 2 F.3d 114, 116 (5th Cir. 1993)(holding that a prosecutor has absolute immunity for acts taken in preparing for the initiation of judicial proceedings); Chrissy F. by Medley v. Miss. Dep't of Public Welfare, 925 F.2d

844, 850-51 (5th Cir. 1991)(stating generally that absolute immunity shields the prosecutor for his decision not to prosecute).

For these reasons, this court lacks subject matter jurisdiction over this action and dismissal is appropriate.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS, sua sponte**, that this action be **DISMISSED** for want of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 30th day of January, 2019.

_____
U.S. MAGISTRATE JUDGE